J-S09014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAROL LOFLAND | : | |
| | : | |
| Appellant | : | No. 1161 EDA 2021 |

Appeal from the Judgment of Sentence Entered April 22, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0004368-2019

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 02, 2022**

Carol Lofland appeals from the judgment of sentence entered in the Court of Common Pleas of Lehigh County following her partially negotiated plea of *nolo contendere* to one count of aggravated assault,[1] graded as a second-degree felony.[2]   Lofland's counsel has filed a petition seeking to withdraw his representation, as well as a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a)(4).

[2] The Commonwealth agreed that in return for Lofland's guilty plea, it would withdraw all of the remaining charges, which included a more serious first-degree aggravated assault charge. ***See*** 18 Pa.C.S.A. § 2702 (a)(1).  The plea was open with respect to sentencing.

2009). After a careful review, we grant counsel's petition to withdraw and affirm Lofland's judgment of sentence.

On September 22, 2019, Lofland assaulted the victim, Sandra Owsinski, with a hatchet. Owsinski suffered serious injuries, which required five days of hospitalization for treatment of a lacerated liver. On March 17, 2021, Lofland appeared before the Honorable Anna-Kristi Marks and entered her plea. Judge Marks ordered a presentence investigation report (PSI), and, on April 22, 2021, sentenced Lofland to three to ten years' imprisonment. Lofland filed a timely, counseled post-sentence motion, claiming her sentence was unduly harsh and excessive, in that the minimum sentence imposed was at the top of the aggravated range of the Sentencing Guidelines, and that the court failed to consider all relevant sentencing factors. On May 14, 2021, the court denied Lofland's post-sentence motion.

On June 7, 2021, Lofland filed a timely, counseled notice of appeal. On June 9, 2021, the court ordered Lofland to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel filed a timely Rule 1925(b) statement; counsel also filed a petition in this Court seeking to withdraw his representation and an **Anders** brief, challenging the discretionary aspects of her sentence. Lofland filed no further submissions, either *pro se* or through privately-retained counsel.

Prior to addressing any issues raised on appeal, we must first resolve counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc). If counsel has complied with the dictates

of ***Anders*** and ***Santiago***, we will address the issues raised in the ***Anders*** brief and conduct our independent examination of the record as to those issues. ***See id.***

Pursuant to ***Anders***, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to [the] defendant and advise [her] of [her] right to retain new counsel or to raise any additional points that [s]he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

***Commonwealth v. Burwell***, 42 A.3d 1077, 1083 (Pa. Super. 2011) (citation omitted). Additionally, our Supreme Court has explained that a proper ***Anders*** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly

frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa. Super. 2007) (en banc) (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted).

Here, our review of the ***Anders*** brief and the application to withdraw indicates that counsel has substantially complied with each of the technical requirements of ***Anders*** and ***Santiago***. ***See Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating counsel must substantially comply with requirements of ***Anders***). Counsel's brief sets forth a summary of the factual and procedural history of this case, raises one issue that he believes could arguably support an appeal, and states that he has made a conscientious examination of the record and determined that an appeal would be frivolous. ***See Anders*** Brief, at 6. The record further reflects that counsel has furnished a copy of the ***Anders*** brief and petition to withdraw to Lofland, and advised her of her right to retain new counsel or proceed *pro se*, or raise any additional points that she deems worthy of this Court's attention. ***See*** Petition to Withdraw, 11/4/21. ***See also Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005). As counsel has complied with the requirements for withdrawing from representation, we will examine the record to determine if, in fact, Lofland's appeal is wholly frivolous.

In the ***Anders*** brief, counsel presents the following issue for our review: "Whether the court abused its discretion by imposing a sentence that was

manifestly unreasonable based upon the factors reviewed by the court and that the court failed to consider all relevant factors?" **Anders** Brief, at 4. These challenges are without merit.

Sentencing is vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. **Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006). An appellant challenging the court's discretion at sentencing must first show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b). An appellant raises a substantial question only where the Pa.R.A.P. 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a fundamental norm underlying the sentencing process. **Commonwealth v. Trippett**, 932 A.2d 188, 202 (Pa. Super. 2007); **see also Commonwealth v. Kimbrough**, 872 A.2d 1244, 1263 (Pa. Super. 2005) (en banc). "[A]n appellant may raise an excessiveness challenge even when he is sentenced within the statutory limits for a particular crime." **Commonwealth v. Mouzon**, 812 A.2d 617, 625 (Pa. 2002).

Here, the **Anders** brief includes the following Rule 2119(f) statement:

> [Lofland] believes that the sentencing court gave a manifestly excessive sentence as the minimum sentences were within the aggravated range [of] the Sentencing Guidelines even though the sentences fully complied with the plea agreement. [Lofland] believes that the reasons given by the court to justify the minimum sentences were not sufficient to support the aggravated range for the minimum sentence.

***Anders*** Brief, at 7 (unnecessary capitalization omitted). Here, we find the Rule 2119(f) statement has raised a substantial question. ***See Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa. Super. 2014) (defendant's claim that he was sentenced outside standard range of sentencing guidelines presented substantial question supporting review of discretionary aspects of sentence); ***Commonwealth v. Macias***, 968 A.2d 773, 776 (Pa. Super. 2009) (failure to set forth adequate reasons for aggravated sentence raises substantial question). However, as counsel sets forth in his ***Anders*** brief, Lofland's challenge to her sentence is frivolous.

The court imposed a sentence that was in the aggravated range of the Sentencing Guidelines, agreeing with the Commonwealth's argument at sentencing that this was not a standard case. The court stated the following on the record prior to imposing sentence:

> The [c]ourt has reviewed the PSI in this matter, has considered the PSI and all of its attachments, has considered both counsels' arguments, the defendant's statement, and the victim's statement before deciding this sentence. Before me is a 57-year-old female who has been in the criminal system for 22 years. Those 22 years have been filled with a variety of different felony and misdemeanor offenses, one in particular that included assault. The victim in this matter suffered a very serious injury, a serious injury that is a permanent reminder, as she stated, of this incident. And I do believe by her testimony today that she is scarred both mentally and physically from this incident.

N.T. Sentencing Hearing, 4/22/21, at 20-21. The court also stated the sentence was appropriate in light of "the severity of the injury" and the particular facts—"[Lofland] took a hatchet and swung it at a woman[,]

puncturing her liver [and] having her essentially bleeding out and being dropped off at a hospital and left there." *Id.* at 21. The court continued:

> The criminal conduct of the defendant caused or threatened harm to others, the nature and circumstances of the criminal conduct of the defendant showed disregard for the safety of the community and those employed to protect the citizens, the defendant's previous record of criminal activity, the defendant is in need of correctional rehabilitation that can be provided most effectively if I have her committed into an institution, a lesser sentence will depreciate the seriousness of the crime of the defendant, the sentence imposed is in conformance of the plea agreement in which the defendant's guilty plea was premised at the time of the entry of the guilty plea, confinement is more likely to contribute to the rehabilitation of the defendant than probation. *The reasons this sentence is in the aggravated range [] are [the] severity of the injury, the particularly serious nature of this case, the continued violent acts the defendant committed while incarcerated, and the ongoing impact to the victim.*

*Id.* at 22 (emphasis added).

Contrary to Lofland's claims, the record clearly indicates the sentencing court provided ample and proper reasons for sentencing in the aggravated range and considered all relevant sentencing factors, including Lofland's prior record and PSI, as well as mitigating factors. *See* 42 Pa.C.S.A. § 9721(b). *See also Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) ("Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.").

We find no abuse of discretion. The trial court was aware of the relevant sentencing factors and the Sentencing Guidelines, and explained its reasons for imposing a sentence in the aggravated range of the guidelines

Based on our review of the record, we agree that the issue presented in the **Anders** brief is frivolous. Furthermore, our independent review of the record does not reveal any additional, non-frivolous issues. **See Goodwin**, 928 A.2d at 291; **Flowers**, 113 A.3d at 1250. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: _6/2/2022_